# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LONNIE LOVE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-17-761-R |
| | ) |
| | ) |
| JIMMY MARTIN, Warden, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Petitioner, a state prisoner appearing *pro se*, filed the instant action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for sexual abuse of a child under 12 in the District Court of Caddo County, Case No. CF-13-218. Pursuant to 28 U.S.C. § 636(b)(1), the matter was referred to United States Magistrate Judge Gary M. Purcell ("Judge Purcell") for preliminary review. On March 12, 2018, Judge Purcell issued a Supplemental Report and Recommendation ("Report") wherein he recommended the Petition be denied. *See* Doc 16. The matter is currently before this Court on Petitioner's timely objection to the Report, giving rise to the Court's obligation to undertake a *de novo* review of those portions of the Report to which Petitioner makes specific objection. *See* Fed. R. Civ. P. 72(b)(3). Having conducted this *de novo* review, the Court ADOPTS Judge Purcell's Report and Recommendation.

Petitioner's objection primarily consists of his argument that the instant proceedings violate his due process rights because this Court denied his Motions for Further Expansion

of the Record, to Defer Briefing Time, and to Show Cause. Docs. 19–22. In his Motion for Further Expansion of the Record and his Objection, Petitioner requests the entire trial transcript because Respondent included only those transcript excerpts he deemed relevant in his response. Petitioner relies in part on 10th Cir. R. 10.1(A)(1)(a), which notes that, "[w]hen sufficiency of the evidence is raised, the entire relevant trial transcript must be provided." This rule, however, states an appellant's duty to provide a record to the appellate court; it does *not* govern the duties of Respondent in filing his response before this Court. *See* Rule 5(c) of the Rules Governing Section 2254 Cases in United States District Courts ("The respondent must attach to the answer parts of the transcript that the respondent considers relevant."); *see also Bagby v. Jones*, 495 F. App'x 860, 862 (10th Cir. 2012).

Further, as the Court noted in its Order denying Petitioner's Motion for Further Expansion of the Record, "an indigent § 2254 petitioner does not have a constitutional right to access a free transcript in order to search for error," and Petitioner "must demonstrate that his claim is not frivolous" before he is entitled to a transcript. *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992), *quoted in* Doc. 22, at 1–2 (citations omitted); *see also Harmon v. Hightower*, 149 F. App'x 742, 744 n. 1 (10th Cir. 2005) ("[A] state prisoner petitioning for a writ of habeas corpus does not have a constitutional right to access a free transcript in order to search for error. [A petitioner] must establish that his claim is not frivolous before a court is required to provide him a free transcript. . . . We further note that the magistrate judge and district court had the benefit of reviewing the entire record of [petitioner's] trial in evaluating his claims." (internal quotation marks omitted)); *Sweezy v. Ward*, 208 F.3d 227, 2000 WL 192904, at *2 (10th Cir. Feb. 17, 2000) (Table) ("Sweezey

argues in his first issue that he was unconstitutionally denied a trial transcript to aid in his § 2254 petition. . . . [T]here is no constitutional right to a free transcript on habeas for the purpose of searching for error. . . . [Petitioner] merely asserts that he needs the transcript to search for other possible claims. Such naked allegations are not cognizable under § 2254, and we are not compelled to allow [petitioner] to conduct a search for error." (internal quotation marks and citations omitted)).

Petition has shown no need for a free copy of the full trial transcript. First, the Court has already ruled on this issue—Petitioner demonstrated no need then, and he demonstrates no need now. *See* Order, Doc. 22 ("Petitioner is not entitled to a second bite at the apple or to go on a fishing expedition."). Second, Petitioner knew of this "piece-meal record" he decries in his Objection *before* Judge Purcell issued his Report. He received Respondent's response—to which portions of the record deemed relevant by the Respondent were attached—and was given until November 6, 2017, to reply. *See* Doc. 12, at 64; Order, Doc. 15 ("Petitioner may reply to the Response . . . on or before November 6th, 2017."). Petitioner could have raised his concerns then, but he declined the opportunity to reply. Raising the issue now—months after Judge Purcell's Report and this Court's order denying Petitioner's Motion for Further Expansion of the Record—is unavailing. What's more, Respondent complied with his obligations: he was required to file, with his response, a copy of the *relevant* portions of the transcript, which he did. *See* Rule 5(c), Rules Governing Section 2254 Cases in United States District Courts. And, finally, the Court possesses and has reviewed the entire trial transcript, ameliorating at least some (if not all) of Petitioner's concerns. In sum, Petitioner enjoys no absolute entitlement to the transcript,

and he has made no showing that he is so entitled in this case.[1] Accordingly, the Court turns to Petitioner's objections to Judge Purcell's Report.

As stated, the Court "must determine de novo any part of the magistrate judge's disposition that has been *properly objected to*." Fed. R. Civ. P. 72(b)(3) (emphasis added); *see also Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988) ("[O]nly those issues fairly raised by the objections to the magistrate's report are subject to review in the district court . . . ."). Petitioner acknowledges that, by dedicating the bulk of his Objection to relitigating his Motion for Further Expansion of the Record, he "may . . . be taking a risk . . . in preserving [his] substantive claims before this [C]ourt," though he "do[es] not wish to waive any of [his] rights to object." Doc. 23, at 2 (emphasis omitted). Despite the disclaimer, Petitioner spends several pages objecting to Judge Purcell's disposition. But even construing Petitioner's Objection liberally, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), Petitioner objects only to Judge Purcell's disposition of his (1) sufficiency of the evidence claims, (2) ineffective assistance of counsel claim, and (3) cumulative error claim—and even then, only obliquely.[2]

As the Oklahoma Court of Criminal Appeals ("OCCA") ruled on all of Petitioner's grounds for relief, the Court's review is limited: Petitioner is not entitled to habeas relief

---

[1] Indeed, Petitioner seems to inadvertently concede this in a footnote. *See* Doc. 23, at 3 n. 3 ("These missing portions of the Record may have valuable information pertinent to Mr. Love's Defense and prosecution of this appeal. *Are we speculating? Yes.*" (emphasis added)).

[2] In his habeas petition, Petitioner raised seven grounds for relief: Grounds One and Four asserted sufficiency of the evidence arguments, Ground Two asserted instructional error, Ground Three asserted improper admission of testimonial hearsay and violation of Petitioner's Confrontation Clause rights, Ground Five asserted evidentiary errors, Ground Six asserted ineffective assistance of counsel, and Ground Seven asserted cumulative error. *See* Pet., Doc. 1. These track the grounds for relief Petitioner asserted in his state court appeal. *See* Doc. 12-1.

unless the state court's adjudication of his claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . . ; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d). Regarding Petitioner's sufficiency of the evidence claims, the OCCA denied these claims under the governing standard from *Jackson v. Virginia*: "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. 307, 319 (1979). Where the state court has so considered a habeas petitioner's sufficiency of the evidence claim, this Court's review, pursuant to AEDPA, is even more circumscribed—the Court asks only if "the OCCA's conclusion that the evidence was sufficient constituted an unreasonable application of the *Jackson* standard." *Patton v. Mullin*, 425 F.3d 788, 796 (10th Cir. 2005); *see also Cavazos v. Smith*, 565 U.S. 1, 2 (2011). Petitioner's objection to the Report consists of no more than bald, non-specific assertions or reiterations of his trial transcript argument. Thus, on *de novo* review, the Court finds no basis for disturbing Judge Purcell's well-reasoned conclusion that the OCCA's application of *Jackson* was reasonable.

Judge Purcell also found the OCCA's denial of Petitioner's ineffective assistance of counsel and cumulative error claims reasonable under AEDPA. Judge Purcell agreed with the OCCA's conclusion that Petitioner demonstrated no prejudice under the two-pronged standard from *Strickland v. Washington*, 466 U.S. 668 (1984) to support his ineffective assistance of counsel claim; likewise, Judge Purcell found the OCCA's denial of

5

Petitioner's cumulative error claim reasonable, as the OCCA found only one harmless error that did not deny Petitioner a fair trial. *See Moore v. Reynolds*, 153 F.3d 1086, 1113 (10th Cir. 1998) ("Cumulative error analysis applies where there are two or more actual errors; it does not apply to the cumulative effect of non-errors."). Petitioner's objections vis-à-vis these two claims consist of no more than referencing the claims' names themselves. These are not the specific objections contemplated by the Rule, and Petitioner offers no basis upon which to disturb Judge Purcell's conclusions.[3]

Petitioner also asserts several new grounds for relief, including (1) ineffective assistance of *appellate* counsel, (2) his actual innocence, (3) the fundamental miscarriage of justice he continues to suffer, and (4) the unconstitutional vagueness of the statute under which he was convicted. *See* Doc. 23, at 10–17. "[T]heories raised for the first time in objections to the magistrate judge's report are deemed waived." *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996)). Moreover, several of these grounds are either inapposite here or are not proper freestanding habeas claims when not tethered to an underlying constitutional violation. *See, e.g.*, *Herrera v. Collins*, 506 U.S. 390, 404 (1993) (The "fundamental miscarriage of justice

---

[3] To be sure, Plaintiff asserts a claim of "ineffective assistance of Appellate Counsel" for failure to object to "any and all testimony from Valoree Palmer," which Petitioner argues "should have been suppressed due to it being vindictive towards him for turning [Ms. Palmer] in to D.H.S." Doc. 23, at 10. Petitioner raises an ineffective assistance of *appellate* counsel for the first time in this objection; such a claim, consequently, is waived. *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001). To the extent this argument pertains to Petitioner's *trial* counsel, Petitioner offers no basis in this statement for the Court to disturb Judge Purcell's conclusions. And while Petitioner has asserted an ineffective assistance of trial counsel claim throughout his state appeals process and this collateral review, his claim has never been based on a theory of vindictiveness. Rather, his ineffective assistance of counsel claim has always been predicated on an instructional error argument. *See* Doc. 1, at 15; Doc. 12-1, at 56–57. Thus, like ineffective assistance of appellate counsel, this new theory is also waived. *See Garfinkle*, 261 F.3d at 1031.

6

exception" or "claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."); *see also Davis v. McCollum*, No. CIV-16-1347-R, 2018 WL 587238, at *3 n. 1 (W.D. Okla. Jan. 29, 2018).[4]

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the movant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See United States v. Parker*, 720 F.3d 781, 785 (10th Cir. 2013). For the reasons stated above, the Court finds that Petitioner has not satisfied this standard and so DENIES a certificate of appealability as to its ruling on Petitioner's § 2254 petition.

---

[4] Petitioner also moves for appointment of counsel. *See* Doc. 23, at 14–16. Petitioner has no right to counsel for habeas corpus proceedings. *Smith v. Sec'y of N.M. Dep't of Corr.*, 50 F.3d 801, 821 n. 29 (10th Cir. 1995) (citing *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994)). Where no evidentiary hearing is warranted, the Court enjoys discretion to appoint counsel "if the interests of justice so require." 18 U.S.C. § 3006A(a)(2); *see also* 28 U.S.C. § 2254(h). "The decision to appoint counsel is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1112 (10th Cir. 2001). As the Court finds Petitioner's claims to be meritless, it declines to appoint counsel. *See Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994); *see also Johnson v. Avery*, 393 U.S. 483, 487 (1969) ("In most federal courts, it is the practice to appoint counsel in post-conviction proceedings only after a petition for post-conviction relief passes initial judicial evaluation and the court has determined that issues are presented calling for an evidentiary hearing."); *Bagby*, 495 F. App'x at 862 (district court was within its discretion to deny petitioner's request for appointment of counsel where "the issues in [the] case [were] not overly complex and no evidentiary hearing was required."); *Kenebrew v. Dowling*, No. CIV-14-654-D, 2015 WL 6438853, at *3 (W.D. Okla. Oct. 21, 2015) ("While Petitioner expresses concern that he is not adequately prepared to present his claims, *he appears to understand the issues in the case and to have represented himself in an intelligent manner to date*." (emphasis added)).

Judge Purcell's thorough Report and Recommendation, Doc. 16, is hereby ADOPTED in its entirety and the Petition is hereby DENIED. Judgment shall be entered accordingly.

IT IS SO ORDERED this 2nd day of November 2018.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE